CV18 7173

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 27 2018 ★

LONG ISLAND OFFICE

AZRACK, J.
LINDSAY, M.J.

RECEIVED
JAN 04 2019
EDNY PRO SE OFFICE

United States District Court for the Eastern District of New York: civil

James Reyes,

Plaintiff

- against -

The County of Suffolk; Suffolk County Sheriff's Department; Vincent Demarco / Sheriff Matt Garrett; Jhon Doe's #s 1-4 Sued in their official and individual capacities.

Defendents.

Complaint for civil Rights Action

Civil Action No:

(✓) Jury trial demanda

## Plaintiff Alleges:

### Introdction

1. Plaintiff James Reyes brings this action against individual County Correctional officers; Supervisors and The County of Suffolk for compensatory; Punative and exemplary damages arising out of a beating other unconstitutional Policies and actions, and common-law claims arising out of a malicious use of excessive force on September 14th, 2017.

### Jurisdiction

2. Plaintiff brings this action against defendants to redress the deprivation of rights secured by the (5th) eighth (8th) and fourteenth (14th) Amendments to the

United States Constitution, 42 U.S.C.A. §
1983, and the Common Law.

3. Plaintiff is a United States Citizen
and a citizen of the United States of America.
Each defendant is (upon information and belief)
a citizen of the United States of America and
the State of New York.

4. This Court has Jurisdiction over this matter Pursuant to 28 U.S.C.A §§ 1331, 1332 and 1343(2) (3) and, 42 U.S.C.A § 1983

5. Plaintiff also involves the supplemental Jurisdiction of this court over Plaintiff's state claims against defendants for Common-law violations Pursuant to 28 U.S.C.A. § 1367 as the Common-law claims form Part of the Same case or Controversy.

6. Venue is Proper in the eastern district Pursuant to 28 U.S.C.A § 1391.

## Parties

7. Plaintiff is a resident of the State of New York.

8. Defendants the county of Suffolk operates and governes the Suffolk County Police Department Pursuant to the laws of The State of New York.

9. Defendant Vincent Demarco an agent and employee of Defendant the County of Suffolk) is employed as th Sheriff for the County of Suffolk. As such, he is ultimately responsible for maintaing ll Custom; Usaage; Policy; Proceedure and Practice of failing to Supervise and train its correctional facility. In addition Permitting and tolerating a

Pattern and Practice of unreasonable Use of force by Correctional officers; Maintaining a system of review of correctional officers conduct so untimely and cursory as to be ineffective and permit and tolerate the unreasonable and excessive Use of force by correctional officers resulting in Plaintiff being injured in violation of the fifth (5th); Eighth (8th) and fourteenth (14th) Amendments to the United States Constitution; The New York State Constitution and State Law. He is Sued in his official and individual capacities

10. Defendants Matt Garrett and John Does numbers 1-4 (employees of defendant the county of Suffolk) are employed as Suffolk County Correctional officers at the Yaphank Correctional Facility. As such, they are ultimately responsible for utilizing the unnecessary and excessive force on Plaintiff in violation of Plaintiff's civil rights.

11. At all pertinent times, defendants acted under color of law, of a statute, ordinance, custom, or usage.

# Statement of fact

12. For over a period of ten (10) years; the defendants the County of Suffolk (through its agents employees) the Suffolk County Sheriffes Department and Vincent Demarco have caused and or Proximately caused an on going and Continuing ; Usage; Policy; Proceedure and Practice of failing to supervise and train It's correctional officers in the appropriate Use of force; failure to discipline Correctional officers who have been known to improperly employ the use of force on prisoners at the Yaphank Correctional facility. Also, Permitting and tolerating a Pattern and Practice of Unreasonable Use of force by Correctional officers on Prisoners; maintaininingng a System of review of correctional officers Conduct so Untimely and Cur as to be ineffective and to Permit and tolerate the Unreasonable and excessive Use of force by Correctional officers resulting in Plantiff being injured in Violation of the fifth (5th) Eighth (8th) and fourteenth (14th) amendment to the United States Constitution; the New York State Constitution and State Law.

13. On September 14, 2017 defendant Matt Barrett Badge #: 1263 and defendants John Does number 1-4 ran into the South 2 Housing Unit.

Defendants assumed that Plaintiff was hoarding his medication. Defendants Garrett and John Does number 1+2 began searching the storage box. Underneath the bed Plaintiff sleeps in and, found some medication. Plaintiff was taken to the shower area where defendants ordered Plaintiff to take off all my clothes untill I was Naked. then Suddenly, and without Provocation on Plaintiff's Part; Defendants Garrett and John Does #'s 7-4 Placed Plaintiff up against the wall. Defendant Garrett Placed my hands behind My back and Started to use a hand technique that caused Plaintiff excruciating Pain to Plaintiff's hand and right wrist.

14. Shortly there after, Plaintiff was escorted out of the dorm by defendants Garrett and John Does #'s 1-4. Defendant Garrett kept huting Plaintiff's right hand and wrist. Inspite of Plaintiff Pleaing with defendant and informing Garrett to stop because the Pain was exruciating Defendant Garrett responded by telling Plaintiff to Shut up. While being escorted toward, the booking area; Defendants Garrett and John Does) # 7-4 Suddenly, and without Provocation by Plaintiff slamed the Plaintiff down to the ground. Garrett used a hand technique that caused the Pain in Plaintiff's Right hand and Wrist to increase. Plaintiff Screamed out in Pain. Defendant Garrett Started kneeing Plaintiff on the side of Plaintiff's head. Defendants John Does #

#1-4 Just stood there and made no attempt to stop Garrett from hurting the Plaintiff. At this time defendant Garrett ordered the Plaintiff to get up. Plaintiff could not get up on his own. Suddenly, Defendants Garrett and John Does #'s 1-4, Jerked Plaintiff up in a violent maner Causing Plaintiff further Pain. Plaintiff feared for his life.

15. Upon arriving at the booking area, Plaintiff was Placed in one of the holding Pens. At this time Defendants Garrett and John Doe's 1-4 all entered the holding Pen, ordered Plaintiff to kneel down on the concrete bench and face the wall as well as to cross my legs!! Suddenly, and without any Provocation on Plaintiff's Part Defendants Garrett and John Does # 1-4 Punched Plaintiff on the backside of the head multiple times, Causing Plaintiff to lose Consciousness temporarily. Once Plaintiff regained Conciousness, the handcuffs were taken off. Defendants Garrett and John Does # 1-4 Placed Plaintiff's hands on the wall.

16. Subsequently a Nurse came in and Plaintiff informed her that Correctional officers Garrett and John Does # 1-4 assualted me and that my head, right hand and wrist were in Severe Pain and swollen. The Nurse took Plaintiff's blood Pressure and refused to check Plaintiff's injuries.

17. Later on a Sgt. Came in with two (2) misbehavior reports that Plaintiff signed and wrote on them that I was assualted. Shortly there after, Plaintiff was escorted to the A-Pod housing Unit. Once at the A-Pod housing Unit, A female officer refused to give Plaintiff a bed roll up. (e.g) Sheets, towels; Soap, tooth brush, tooth Past; blankets etc.) Plaintiff Was forced to spend the night on a cot with no mattress. Plaintiff froze because air Conditioner is always on and Plaintiff was not given any of his Personal Property.

18. On September 15, 2017 Plaintiff requested to see medical Personnell and was denied emergency medical Care. Subsequently, All of Plaintiff's medications were taken away. (Exhibit J)

19. On or about September 16, 2017 Plaintiff filed a grievance Concerning the above mentioned use of excessive force by defendants. Plaintiff did not receive a response from said grievance was never interviewed Concerning Care.

20. Subsequently, on September 29th, 2017, Plaintiff spoke with the grievance Sgt. about my grievance and was told to Contact internal affairs. Plaintiff sent a new grievance to Mr. Thomas J. Loughren, Commissioner of New York State Commission of

New York State Commission of Corrections located At: 80 South Swan Street 12th floor Albany, New York. 12210. (See, Exhibit "A")

21. To the date of this writing, Plaintiff has not recieved a response from anyone concerning my Compliant and grievance of being assualted by defendants.

22. On October 5th, 2017, Plaintiff was called to the hearing Concerning two (2) misbehavior reports Written by defendants Garrett and John Doe # 1 badge # 592. (see, Exhibits "B" + "C") both misbehavior reports were dismissed for improper Paperwork (see, Exhibits "D" + "E")

23. On or about October 23 / 24, 2017, Plaintiff served the county of Suffolk with two (2) notice of intentions to file a claim with the county Attourney and County treasurers offices via Certified Mail return receipt requested. (See, Exhibits "F" and "G")

24. On or about OCTober 24, 2017 the notice of intentions to file claims were received by the County of Suffolk. (See, Exhibits "F" + "G")

25. Defendant Vincent Demarco as sheriff of the county of Suffolk, reviews all misbehavior reports. Use of force Reports; Grievance generated by staff

as well as inmates. After receiving documents, reports, grievances concerning defendant's Garrett's and John Does # 1-4's misconduct and fake reports; failed to take any corrective action and otherwise took a position of a c _____ to defendants use of Excessive force on Plaintiff. In addition defendant Demarco knew and should have known that defendants Garrett and John Does's 1-4 were more likely than not, prone to use ᵍ malicious and unnecessary excessive use of force against the Plaintiff. That is, because Plaintiff had made and filed grievances against some of the above mentioned defendants on or about September 16th, 2017. (See, Exhibit "H")

26. The above named defendants Exhibited reckless disregard for Plaintiff's Safty through their wilful and wanton conduct which included knowingly and intentionally using excessive force on Plaintiff Prior to and after handcuffing Plaintiff with his hands behind his back.

27. The fact that the above named defendants continued to use excessive force after Plaintiff was in a neutral non-threatening position and handcuffed behind his back amounts to grossly disproportionate and malicious action on their part.

28. Defendants the county of Suffolk; Vincent Demarco through their malicious decision making, exhibited deliberate indifference, gross negligent, and reckless disregard for the safty and Security the Plaintiff and Violated Plaintiff's constitutional, statutory and civil right.

29. Defendant The County of Suffolk and Vincent Demarco are liable for its Correctional Department failure to adequately train, supervise, and control its employee - correctional officers in the danger of repeatedly Using excessive force on Passive, nevtral and subdved inmates Prior to, during and after taking them from assigned housing Units to the booking area. Including, but not limited to the use of Potentially leathal tactics affecting the arms; hands and wrist.

30. The acts, Omissions, Systemic flaws, Policies, customs, Practices and usages of defendants The County of Suffolk through defendants Vincent Demarco at Suffolk Count Sheriffs department; caused and Proximatkly caused; defendants Matt Garett and John Doe's # 1-4 to believe that the excessive and Unreasonable use of force would not be aggressively, honestly, and Properly investigated, with the foreseeble result that defendants Garrett and John Doe's # 1-4 are more likely to use excessive force,

against the Plaintiff and other prisoers in the future.

31. As a direct Proximate result of the acts and omissions of the suffolk county Sheriff's department, Plaintiff continues to feel Pain from the injuries caused by defendants Garrett and John Doe's #1-4. Plaintiff was forced to suffer Pain and mental cruelty. Plaintiff has been left traumatized and will incur medical and legal expenses.

32. The intentional beatings of Plaintiff by defendants Garrett and John Does #'s: 1-4, Violated the rights of the Plaintiff as guarented by the fith (5th) eighth (8th) and fourteenth (14th) amendments to the Constitution of the United States; The New York constitution and state Law, for wich all of the above mentioned defendants are liable. Furthermore in October, 2017 Plaintiff was taken to Peconic - Bay Hospital in Riverhead, New York for an MRI of my hand. Also Plaintiff Was sent to east Setauket to see a hand Specialist were Plaintiff was told that I will have to wear a hand splint and that there Were additional injuries and Plaintiff needed a cat scan, Since the beating by defendants; Plaintiff has been in constant Pain; severe headaches; back Pain and hand wrist. Pains.

33. At all times pertinent to these allegations, Plaintiff was unarmed, and did not pose a threat or death or grevious bodily injury to defendants. See Exhibit B &D

Count I. Violation of Constitutional rights. Defendants Matt Garrett and John Does #'s 1-4 (claim for compensatory damages)

34. Plaintiff incorporates by reference Paragraphs twelve (12) through thirty-three (33).

35. The intentional beatings of Plaintiff by defendants Matt Garett and John Does #: 1-4 violated the rights of Plaintiff as gavranteed by the fifth (5th), eighth (8th) and fourteenth (14th) amendments to the United States Constitution for which defendants correctional officers are individually liable.

Count II. Violation of constitutional rights Defendants Matt Garett and John Does #'s 1-4 (claim for exemplary damages)

36. Plaintiff incorporates by ~~defendants Matt Garett and John Does #'s 1-4, when Plaintiff was~~ reference Paragraphs twelve (12) through thirty-five (35).

37. The intentional beatings of Plaintiff by Defendants Matt Garrett and John Does #: 1-4, When Plaintiff was unarmed and did not Pose a threat of death or grevious bodily injury to defendants or others, when defendants had no lawful Athourity to use excessive force against Plaintiff, was done with actual malice toward Plaintiff and with wilful and wanton indifference to and deliberate disregavrd for the Constitutional rights of Plaintiff. Plaintiff is thus entitled to exemplary damages.

Count III. Violation of Statutory Civil Rights
Defendants Matt Garrett and John Does
#s: 1-4 ( claim for compensatory damages)

38. Plaintiff incorporates Paragraphs twelve (12) through thirty-Seven (37)

39. The intentional beatings of Plaintiff by defendants Matt Garrett and John Does #s: 1-4, When Plaintiff was unarmed and did not Pose a threat or death or grievous bodily injury to defendants or others, When defendants had no lawful Authority to assualt Plaintiff and use excessive force against Plaintiff, was done with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory civil rights of Plaintiff for wich defendants are liable.

Count IV. Violation of Constitutional rights
defendants the county of Suffolk; Suffolk county
sheriff's Department and Vincent Demarco
(claim for compensatory damages)

40. Plaintiff incorporates Paragraphs twelve (12)
through thirty-nine (39).

41. It was the Policy and Practice of The County
of suffolk; Suffolk County Sheriff's Department
and Vincent Demarco to Authorize certain correctional
officers, including defendant Matt Garett and
John Does #'s: 1-4 to cover up the use of
excessive force despite the lack of any Just
Cause or any Serious violations Justifying
issuance of misbehavior reports. This Policy
and Practice of YaPhank correctional facility
defendants encourage and caused Constitutional
Violations by correctional officers of the
Suffokk County Sheriff's Department. Including
the violations of Plaintiff's Constitutional
rights by defendants the County of Suffolk;
Suffolk County Sheriff's Department and Vincent
Demarco.

42. It was the Policy and Practice of the County of Suffolk; Suffolk County Sheriff's Department and Vincent Demarco to authorize certain officers and medical personell to deny and prevent prompt medical treatment of injured persons in the care and custody of the Suffolk County Sheriff's Department.

43. At all pertinent times defendants the county of Suffolk; Suffolk County, Sheriff's Department Vincent Demarco and other unknown supervisors who supervised the correctional officers who unlawfully violated Plaintiff's rights encouraged and tolerated the Policies and Practices. Defendants refused to adequately to train, direct, supervise, or control defendants officers so as to prevent the violation of Plaintiff's constitutional rights.

44. Defendants the county of Suffolk; Suffolk County, Sheriff's Department and Vincent Demarco were acting within the scope of their employment and pervuant to the Policies and Practices of the county of Suffolk. These Policies and Practices were enforced by defendants Suffolk County Sheriff's Department and Vincent Demarco and were the moving force, proximate cause or affirmative link behind the conduct causing the Plaintiff injury. The County of Suffolk; Suffolk County

Sheriff's Department and Vincent Demarco are therefore liable for the violation of Plaintiff's Constitutional rights by defendant's Matt Garett and John Does #'s 1-4.

Count V. Conspiracy to violate civil rights defendants Matt Garett and John Does #'s 1-4
(Claim for Compensatory Damages)

45) Plaintiff's incorporates Paragraph's twelve (12) through fourty-four (44).

46. Defendants Matt Garett and John Doe's #'s 1-4 Conspired to violate Plantiffs Statutory civil rights in violation of 42 U.S.C.A § 1983, for wich defendants Matt Garrett and John Does #'s 1-4 are individually liable.

47) The following overt acts were commited by defendants Matt Garrett and John Does #'s 1-4:
    A on or about September 14, 2017 defendants did meet and agree to rush the Plaintiff at the South 2 housing Unit at the YaPhank Correctional facility for the Sole Purpose of harassing and Using excessive force on Plaintiff

B. Did utilize excessive force and assaulted the Plaintiff at the dorm; on the way to booking and on the booking area of the facility.

C. Did instruct medical Personnell not to give Plaintiff any medical treatment and refuse to write the appropriate unusual incident reports.

D. Did fabricate mis behavior reports in order to cover up the use of excessive force against the Plaintiff.

E. Did inform A-Pod housing Unit lady officer not to supply Plaintiff with appropriate bedding and mattress on the evening and night of September 14, 2017.

F. Have on Previous occasions; harrassed Plaintiff and also threatened Plaintiff with bodily harm with impunity.

( Claim for Compensatory Damages)

48. Plaintiff incorporates Paragraph twelve (12) through forty-Seven (47).

49. The beating, verbal abuse, and use of excessive force by Defendants Matt Garrett and John Does #'s: 1-4, When defendants had no authority to use excessive force on Plaintiff; when Plaintiff was unarmed and did not pose a threat of death or grevious bodily injury to defendants or others, was without Justification or Provocation, was excessive, and constitutes assult and battery for which defendants Matt Garrett and John Does #'s: 1-4 are individually liable.

50. As a Proximate result of the Assault and battery Committed by defendants Matt Garrett and John Does #'s: 1-4. Plaintiff has sustained Permanent injuries and has incurred medical bills and other expenses. These injuries have caused and will continue to cause Plaintiff great Pain and Suffering. Both mental; emotional and Physical.

Count VII. Assault and Battery
Defendants Matt Garrett and John Does #'s: 1-4
(Claim for Exemplary Damages)

51. Plaintiff incorporates Paragraphs twelve (12) through fifty (50)

52. The Intentional beating and verbal abuse of Plaintiff by defendants Matt Garrett and John Does #'s: 1-4, When Plaintiff was unarmed and did not Pose a threat of death or grevious bodily injury to defendants Matt Garrett and John Does #'s: 1-4 or others When defendants did not have lawful authority to use excessive force against the Plaintiff, was done with actual malice toward Plaintiff and willful and wanton indifference to and deliberate disregaurd for human life and the rights of Plaintiff. Plaintiff is thus entitled to exemplary damages.

Count VIII, Intentional infliction of emotional Distress defendants Matt Garrett and John Does #'s: 1-4
(claims for comPensatory Dameges)

53. The Plaintiff incorporates Paragraphs twelve (12) through fifty-two (52).

54. Defendants Matt Garrett and John Does #'s: 1-4 intentionally beat and verbally abused Plaintiff in a manner that was extreme, outrageous, and unJustified, and Caused Plaintiff to suffer Physical and emotional distress for which defendants Matt Garrett and John Does #'s 1-4 are liable.

Count IX. Intentional infliction of emotional distress Defendants Matt Garrett and John Does#'s: 1-4 (claim for exemplary damages)

55. Plaintiff incorporates paragraphs twelve (12) through fifty-four (54).

56. The intentional beatings and verbal abuse of Plaintiff by defendants Matt Garrett and John Does #'s: 1-4 were unjustified and done with actual malice and wanton indefference to and deliberate disregard for human life and the rights of Plaintiff, Plaintiff is thus entitled to exemplary damages.

Count X. Respondent Superior liability, defendants The County of Suffolk: Suffolk County Sheriff Department and Vincent Demarco
(claim for compensatory Damages)

57. Plaintiff incorporates paragraph twelve (12) through fifty-six (56).

58. At all times pertinent here to, defendants The County of Suffolk; Suffolk County Sheriff's Department and Vincent Demarco were acting within the scope of their employment as executive and administrative officers of the Suffolk County Sheriff's department.

59. The County of Suffolk; Suffolk County Sheriff's Department and Vincent Demarco are liable for compensatory damages under the doctrine of respondent superior for the intentional torts of defendants Matt Garett and John Does #'s: 1-4, committed within the scope of their employment.

Count XI. Respondent Superior liability defendants The county of Suffolk; Suffolk County Sheriff's Department and Vincent Demarco (claim for exemplary Damages)

60. Plaintiff incorporates paragraphs twelve (12) through fifty-nine (59)

61. The County of Suffolk; Suffolk County Sheriff's Department and Vincent Demarco, through their agents, expressly authorized defendants Matt Garett and John Does: 1-4 to use excessive force; knew, through its agents, that the defendant Correctional officers had a propensity for committing intentional torts, using excessive force in the line of duty; and acquiesced in the defendants wrongful conduct. Plaintiff is thus entitled to exemplary damages against The County of Suffolk; Suffolk County Sheriff's Department and Vincent Demarco.

Count XII. Negligence Defendants Matt
Garrett and John Does #'s: 1-4
( claim for Compensatory Damages)

62. Plaintiff Incorporates Paragraphs twelve (12)
through sixty-one (61).

63. Defendants Matt Garett and John Doe's #1-4
While acting as agents and employees for
the county of Suffolk; Suffolk County Sheriff's
Department and Vincent Demarco; in their
capacity as correctional officers for the
county of Suffolk; Suffolk County Sheriff's
Department and Vincent Demarco, owed a
duty to Plaintiff to Perform their correctional
duties without the use of excessive force. Defendants
Use of excessive force upon the Plaintiff; when
Plaintiff was unarmed and did not pose
a threat of death or grevious bodily injury
to defendants or others Constitutes negligence
for which defendants Matt Garrett and
John Does #'s: 1-4 are individually liable.

64. Defendants Matt Garrett and John Does #'s: 1-4's
Use of excessive force upon Plaintiff - when
defendants had no lawful reason or authority
to do so or use excessive force on Plaintiff
Constitutes Negligence for which Defendants
are individually liable.

65. As a proximate Result of Defendant's negligent use of excessive force, plaintiff has sustained permanent injuries and plaintiff has and will continue to incur Medical bills and other Expenses. These injuries have Caused and will continue to cause plaintiff pain and suffering; Mentally; Emotionally and physically!

Count XIII. Negligence Defendants Matt Garrett and John Does #s: 1-4
I Claim for EXEMPLARY Damages.

66. Plaintiff Incorporates Paragraphs Twelve (12) Through Sixty-five [65]

67. The Negligent beatings of plaintiff by Defendants Matt Garrett and John Does #s: 1-4 when plaintiff was unarmed and did not pose a threat of death or grevious bodily injury to Defendants or others and where Defendants had no lawful Authority to injury Plaintiff or to use deadly force against plaintiff was done with wilful And wanton indifference to the deliberate disregard for human life and the Rights of plaintiff. plaintiff is thus entitled to exemplary damages.

Count XIV. Negligence defendants
The County of Suffolk; Suffolk County Sheriff's
Department and Vincent Demarco
(claim for compensatory damages)

68. Plaintiff incorporates Paragraphs twelve (12)
through sixty-seven (67).

69. At all times of the incident defendants
the County of Suffolk; Suffolk County Sheriff's
Department and Vincent Demarco, were
acting within the scope of their employment
as executive administrative officers for
the County of Suffolk Sheriff's Department.

70. The County of Suffolk; Suffolk County Sheriff's
Department and Vincent demarco are liable
for compensatory ~~and~~ ~~Vincent~~ damages
~~under~~ under doctrine of Respondent Superior for the negligence of
Defendants Matt Garrett and John Does #'s: 1-4, committed within the scope
of their employment.

count XV. Negligence Defendants The County of Suffolk,
Suffolk county Sheriff's Department AND Vincent Demarco
[Claim for Compensatory Damages]

71) Plaintiff Incorporates Paragraphs Twelve (12) Through Seventy (70)

72.) The county of Suffolk and Suffolk county Sheriffs' Department and Vincent Demarco, owed a duty to plaintiff To Train and Supervise and otherwise Control its Correctional officer's in the use of Deadly force and other matters incident to the exercise of correctional functions. The County of Suffolk county SHERIFFS' Department and Vincent Demarco Fail To provide Adequate Training, Supervision and Control of Defendant Matt Garrett and John Does #'s 1-4, which failure Constitutes Negligence.

73. As a Proximate Result of the County of Suffolk. Suffolk county Sheriff's Department and Vincent Demarco Negligents, failure to provide Adequate training, Supervision and Control of Defendants Matt Garrett and John Does #'s 1-4 Plaintiff has Sustained permanent injuries and Plaintiff has incurred and will Continue to incur Medical Bills and other Expenses.

These injuries have Caused and will continue to Cause plaintiff Pain and Suffering. Mentally, Emotionally and Physically.

count XVI. Negligence Defendants The County of Suffolk Suffolk Countys Sheriffs Department and Vincent Demarco [ Claim for EXEMPLARY Damages ]

74.) Plaintiff Incorporates, Paragraphs Twelve (12) through Seventy-Three (73)

75) The county ~~of~~ ~~and~~ Suffolk and Suffolk County Sheriff Department and Vincent Demarco's failure

To provide adequate Training and Supervision to their Correctional officers constitutes a willfull and wanton indifference and deliberate disregard for human life and the Rights of private Citizens, including Plaintiff. Plaintiff is thus entitled to exemplary Damages.

Wherefore, Plaintiff Requests that this Court Enter Judgment Against the Defendants and award the following Amounts.

A. $1,000,000.00 [one-million dollars] IN Damages IN favor of Plaintiff; Jointly And Severally against Each Party Defendant.

B. $250,000.00 [Two-Hundred-Fifty-Thousand dollars] Exemplary/punitive damages in favor of Plaintiff; Jointly And Severally Against Each Party Defendant.

C. Costs of this Action including Reasonable Attorney and Expert witness fees to the plaintiff, And.

D. Such other And further relief as the Court May Deem to be Just and Appropriate.

Demand For Jury Trial

_Mr. James Reyer_

Pursuant to Rule 38 of the federal Rules of Civil procedure, plaintiff demands A Trial by Jury.

Date 10.3.17    2017

Address N.y

Carmile Pringle
Notary Public, State of New York
No. 01PR6092127
Qualified in Dutchess County
Commission Expires 5/12/19

Sworn to before me this
day of NOV. 20 17

Notary Public

_Mr James Reyes_

Mail address